132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Estela FLORES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70165, Afr-qsl-qww.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Estela Flores, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision denying her request for suspension of deportation under 8 U.S.C. § 1254(a)(1) for lack of extreme hardship. Because the BIA's final order of deportation was entered February 4, 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to Flores' petition. See Kalaw v. INS, No. 97-70106, slip op. 14093, 14098-99 (9th Cir. Dec. 1, 1997). Under those rules, we are without jurisdiction to review the BIA's "extreme hardship" determination. See id. at 14101-03. Accordingly, we dismiss the petition for review.
 
 
 3
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3